### AJELLO v. ALBRECHT & MEISTER CO.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

1. SALES (§ 181*)—ACCEPTANCE OF GOODS—EVIDENCE.

In an action to recover a deposit on a contract to purchase goods, evidence *held* to show that the contract required the purchaser to accept the goods before the Christmas season, and that he could not leave them with the seller and take them out at his convenience at any time within the next 10 years.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 473–491; Dec. Dig. § 181.*]

2. SALES (§ 391*)—REMEDIES OF BUYER—RECOVERY OF DEPOSIT.

A buyer of goods, who failed to accept or pay for them within the time fixed, cannot recover a deposit.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1110–1127; Dec. Dig. § 391.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph Ajello against the Albrecht & Meister Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Oscar Englander, of New York City, for appellant.
Walter S. Doernberg, of New York City, for respondent.

BIJUR, J.    Plaintiff sues to recover $100, a deposit on a contract to purchase goods.  He testifies that he ordered, January 4, 1912, some $700 or $800 worth of "cut-outs and banners" for Christmas and holiday calendars; that he was to pay $150 down (afterwards reduced to $100); that the shipments from Germany, where the merchandise was printed, were to arrive at the beginning of September; and that he told defendant's agent that he could not take all the merchandise at once, and it was thereafter agreed that he could take it out in parts from time to time.  The goods arrived here as agreed.  The plaintiff took out various quantities from time to time; but, at the end of the year, the defendant notified him that he must take the remainder of the goods and pay for them, as they could not hold them for him any longer.

[1, 2]  Although defendant claims that plaintiff's agreement was to pay for the goods on their arrival in this country in September, the court was justified in taking plaintiff's version of the contract, which was to the effect, as stated before, that he could take the goods "at any time that he wanted them."    Plaintiff gave as his understanding of the meaning of that agreement that he could take them out at any time in 10 years.    That I find, however, to be an unreasonable construction. The goods were plainly seasonable.    Plaintiff himself testifies:

"In this business the delivery of goods is always in September. * * * Yes; I told him he can send the goods here any time—not after the season. I need them two or three months before the season."

Plaintiff's unjustified view of the contract is emphasized by his letter of January 14, 1913, wherein, referring to a statement in defendant's letter, written immediately after the order was given, to the effect that the bill was to be paid after the arrival of the goods, he claims that that means after arrival of the goods in his place.    This view, however, is inconsistent with his notion that he was to call for the goods as he desired them.    Plaintiff, having failed to live up to his agreement to take the goods within the appropriate season, cannot recover the deposit made.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.    All concur.